SONGAR REALTY CORPORATION, RELATOR, v. W. HOMER AXFORD, DIRECTOR OF STREETS AND PUBLIC IMPROVEMENTS, AND THE CITY OF BAYONNE, RESPONDENTS.

Decided January 31, 1927.

**Municipalities—Building Permits—Motion Picture House—Ordinance Required Consent of Certain Property Owners—An Identical Provision in an Ordinance in the City of Elizabeth Previously Held Void—Provision Creating Appeal of Building Inspector's Decision to City Commissioners Held Optional, if Mandatory it Would be Ineffective.**

On rule for *mandamus*.

Before Justices Black and Campbell.

For the relator, *Aaron A. Melniker.*

For the respondents, *James Benny.*

Per Curiam.

Relator made an application for a permit to erect a moving picture theatre on property known as 1010-1014 Ave-

nue C, Bayonne. The building inspector of the city refused to issue the permit because the provisions of a certain ordinance entitled "An ordinance to amend the building code," passed December 5th, 1922, had not been complied with, in that relator did not present with his application the consents of property owners required by section 1 of that ordinance. The pertinent portions of such section are:

"That no permit shall be granted for the erection or alteration of any structure to be used as a * * * moving picture theatre * * * which said structure is intended to be erected or established within five hundred feet in any direction along any street or avenue where three-fourths of the property on both sides is used or intended for use for residence purposes except there be filed with the inspector of buildings, accompanying the application for the permit for the building in question, acknowledged written consents to the intended use, such consents signed by those representing the owners of three-fourths of the property used, or intended for use, for residence purposes, within the five hundred feet distance above specified."

An identical provision in an ordinance of the city of Elizabeth was the basis for the reason of setting aside the ordinance as unreasonable and invalid in *Levy* v. *Mravlag,* 96 *N. J. L.* 367.

Respondents further urge that an appeal from the decision of the building inspector to the board of commissioners of the city as provided for by section 115 of an ordinance entitled "An ordinance to provide a building code for the city of Bayonne, New Jersey," passed August 31st, 1920, was not properly taken.

A reading of the section referred to would indicate that such an appeal is an optional right of the property owner.

But had the ordinance made such appeal mandatory it would have been as ineffective as the appeal under the so-called zoning ordinance as held by the Court of Errors and Appeals in *Losick* v. *Binda,* 3 *N. J. Adv. R.* 1691, and the cases following it.

It is further insisted that relator is not entitled to the writ of *mandamus* because the fees required by the building code have not been paid. This, however, cannot stand in his way.

Relator is entitled to and a peremptory writ of *mandamus* will issue as prayed for, the issuance of the building permit to be, however, upon the condition that the fees provided for by the building code be paid.